■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RANDOLPH ODOM, Appellant.— Judgment of the County Court, Suffolk County, rendered May 24, 1968, reversed, on the law, and case remanded to the County Court for resentencing in accordance with the procedures mandated in sections 207 and 208 of the Mental Hygiene Law and section 60.15 of the Penal Law. The findings of fact below are affirmed. Defendant was found guilty of eight counts of dangerous drug offenses under article 220 of the Penal Law. There was evidence at his trial that he was a user of narcotics. On the date set for sentencing, defendant's counsel indicated to the court that he had previously made application for an examination pursuant to section 207 of the Mental Hygiene Law but that through inadvertence he had failed to prepare the necessary papers. When he asked for additional time in which to prepare these papers the court advised him that this would be a futile gesture since, even if defendant were found to be a narcotics addict, the court did not intend to give him the benefits of article 9 of the Mental Hygiene Law. No examination was made and defendant stood for sentence. Under section 207 of the Mental Hygiene Law, if a defendant is charged with a violation of any of the offenses listed in article 220 of the Penal Law (Dangerous Drug Offenses), and it appears that he may be a narcotics addict, he "shall undergo a medical examination to determine whether he is a narcotic addict" (subd. 1). Under section 208 of the Mental Hygiene Law, where a defendant has undergone such examination and is found guilty of a felony, "the court shall not impose sentence prior to receiving the report of such medical examination" (subd. 1). If on the basis of the report and any other relevant information before the court, it believes that the defendant may be an addict, the defendant is given a chance to admit, deny or stand mute with respect to whether he is an addict. If he admits it, and the court is satisfied of such fact, the court has the discretion to sentence him in accordance with the Penal Law or to certify him to the care of the Narcotic Addiction Control Commission (Penal Law, § 60.15). The court exceeded the bounds of its discretion when it told defendant's counsel that the section 207 examination would be futile. Sections 207 and 208 are worded in mandatory language. The examination and finding concerning defendant's status as an addict are required. Only then is the court vested with discretion as to sentencing. The effective denial by the court of the application of the relevant sections of the Mental Hygiene Law precluded defendant from obtaining adequate review of the discretion exercised by the court in sentencing him. We have reviewed appellant's other contentions and find them to be without merit. Christ, Acting P. J., Brennan, Hopkins, Munder and Martuscello, JJ., concur.